

# NUMBER 13-24-00548-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ERIC REYNA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

By petition for writ of mandamus, relator Eric Reyna contends that the trial court abused its discretion by: (1) denying discoverable evidence "that goes to the heart of" his claims and "is necessary for a fair adjudication"; (2) setting the case for trial; (3) denying discovery that is limited in scope and time, not unreasonably cumulative, not obtainable from another source, and is proportionate to the likely benefit; and (4) denying discovery "which cannot then be made part of the appellate record." *See generally In re Reyna*, No. 13-24-00158-CV, 2024 WL 3943451, at *1–8 (Tex. App.—Corpus Christi–Edinburg Aug.

26, 2024, orig. proceeding) (mem. op.); *see also In re Reyna*, No. 13-24-00465-CV, 2024 WL 4511218, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2024, orig. proceeding) (mem. op.). Also pending before the Court are: (1) relator's emergency motion for stay; and (2) relator's unopposed motion to seal certain parts of the mandamus record.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The trial court abuses its discretion if it reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839) (cleaned up); *see In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). "If a discovery order vitiates or severely compromises a party's ability to present a viable claim or defense at trial, an appeal is not an adequate remedy." *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the associated motions and related briefing, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. In so ruling; however, we grant

2

relator's unopposed motion to seal the mandamus record as to tabs two, eleven, twenty-five, fifty-one, fifty-three, and fifty-four. We deny the petition for writ of mandamus and the emergency motion for stay.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
20th day of November, 2024.